IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MELISSA CREEL, individually and on behalf
of the wrongful death statutory beneficiaries of
RAY CREEL, deceased                                                        PLAINTIFF

V.                                                        CAUSE NO.: 1:09CV161-SA-JAD

KONECRANES, INC., D/B/A CRANE PRO
SERVICES; ET AL.                                                          DEFENDANTS

MEMORANDUM OPINION

This Court granted limited jurisdictional discovery on whether Plaintiff has established that Crane Parts, Inc., has sufficient contacts with the State of Mississippi. The time for supplementation has expired, and Plaintiff has failed to supplement the record. The Court, therefore, looks to the original record in ruling on Defendant Crane Parts, Inc.'s Motion to Dismiss [35].

"The party invoking the jurisdiction of a federal court bears the burden of establishing the court's jurisdiction over a nonresident defendant." Brown v. Flowers Industries, Inc., 688 F.2d 328, 332 (5th Cir. 1982), cert. denied 460 U.S. 1023, 103 S. Ct. 1275, 75 L. Ed. 2d 496 (1983). When the court does not rely on an evidentiary hearing but instead decides the motion on the basis of pleadings and exhibits on file, the party urging jurisdiction is only required to present a prima facie case of personal jurisdiction. See Brown, 688 F.2d at 332; DeMelo v. Toche Marine Inc., 711 F.2d 1260, 1270-71, (5th Cir. 1983); Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985).

> The allegations of the complaint except insofar as controverted by opposing affidavits must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiffs for purposes of determining whether a prima facie case for personal jurisdiction has been established.

Thompson, 755 F.2d at 1165 (quoting DeMelo, 711 F.2d at 1270-71).

"Moreover all conflicts in the facts alleged in the opposing affidavits 'must be resolved in plaintiff's favor for purposes of determining whether a prima facie case for in personam jurisdiction has been established.'" DeMelo, 711 F.2d at 1270 (quoting Brown, 688 F.2d at 333).

"A federal court sitting in diversity may exercise personal jurisdiction only to the extent permitted a state court under state law." Paz v. Brush Engineered Materials, Inc., 445 F.3d 809, 812 (5th Cir. 2006) (citing Fielding v. Hubert Burda Media, Inc., 415 F.3d 419, 424 (5th Cir. 2005)). "The court may only exercise jurisdiction if: '(1) the state's long-arm statute applies, as interpreted by the state's courts, and (2) if due process is satisfied under the 14th Amendment to the federal Constitution.'" Id. (quoting Allred v. Moore & Peterson, 117 F.3d 278 (5th Cir. 1997)).

a) The Mississippi Long-Arm Statute

Under the Mississippi long-arm statute, courts of this state may exercise personal jurisdiction over a nonresident defendant if the defendant has entered a contract with a Mississippi resident to be performed in Mississippi, or has committed a tort in Mississippi, or is conducting business in Mississippi.[1] Plaintiff contends that the Court may exercise personal jurisdiction over Crane Parts, Inc., pursuant to the tort provision of the Mississippi long-arm statute.

---

[1] Mississippi's long-arm statute provides:

Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state. Service of summons and process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 13-3-57

In her complaint, Plaintiff alleges that Crane Parts, Inc., modified the allegedly malfunctioning crane at issue here. She further alleges that the modified crane was designed, sold, and installed by Crane Parts, Inc. Crane Parts, Inc., submitted the affidavit of Karen Lindsey, an officer with that corporation, who asserts that Crane Parts, Inc., does not "modify, design, install, manufacture, test, develop, label, market, distribute, or sell cranes." Therefore, Crane Parts, Inc., had "absolutely nothing to do with" the crane in question. As noted above, all conflicts in the facts alleged in opposing affidavits "must be resolved in plaintiff's favor for purposes of determining whether a prima facie case for in personam jurisdiction has been established." DeMelo, 711 F.2d at 1270 (quoting Brown, 688 F.2d at 333). Here, Plaintiff has failed to support her contention by affidavit. She submitted an email from Mueller Copper Tubing's counsel noting that "all of our records show that the niles crane was modified . . . by crane parts, inc., prior to installation at mueller in feb. 1998."

Crane Parts, Inc., objects to the email as evidence under the doctrine of hearsay. Indeed, the email and its contents are hearsay. Fed. R. Evid. 801, 802. When contradicted, "hearsay evidence will not defeat a motion for dismissal under Rule 12(b)(2)." Cooper v. McDermott Int'l, Inc., 1995 WL 450209, *5 (5th Cir. 1995). Thus, only Defendant Crane Parts, Inc., has submitted sworn affidavit evidence regarding its position as a tortfeasor. Accordingly, Plaintiff has failed to put forth a prima facie case for in personam jurisdiction.[1]

---

[1] Plaintiff was given the opportunity to conduct jurisdiction-related discovery for a period of sixty days. During that period, no discovery was served or propounded on Crane Parts, Inc. Moreover, Plaintiff failed to supplement her response to Defendant's Motion to Dismiss.

b) Due Process

Even if the Court found that Plaintiff satisfied Mississippi's Long Arm Statute, she has failed to allege sufficient minimum contacts by Crane Parts, Inc., with Mississippi in accordance with due process.

The exercise of personal jurisdiction comports with due process where: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colo., 615 F.3d 364, 367 (5th Cir. 2010) (citation omitted).

There are two types of minimum contacts: contacts that give rise to specific personal jurisdiction and those that give rise to general jurisdiction. Clemens v. McNamee, 615 F.3d 374, 378 (5th Cir. 2010). "'Jurisdiction may be general or specific,' depending on the nature of the defendant's forum-related contacts." Jackson v. Tanfoglio Giuseppe S.R.L., 615 F.3d 579, 584 (5th Cir. 2010). Plaintiff alleges that Crane Parts, Inc.'s contacts with Mississippi give rise to specific personal jurisdiction, and Crane Part, Inc.'s national presence and marketing give rise to general personal jurisdiction over Crane Parts, Inc. in Mississippi.

Specific jurisdiction exists when "the defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." See Burger King v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (citations omitted); Clemens, 615 F.3d at 378. The non-resident's purposefully directed activities in the forum must be such that he could reasonably anticipate being haled into

4

court in the forum state. Burger King, 471 U.S. at 474, 105 S. Ct. 2174. In the Fifth Circuit, specific jurisdiction also requires that the exercise of personal jurisdiction be fair and reasonable. McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009).

Here, there is no admissible evidence that Crane Parts, Inc., purposefully directed his activities at citizens of Mississippi. Even if this Court were to consider the unsworn email attached to Plaintiff's response, Mueller Copper Tubing's attorney stated that the modifications made by Crane Parts, Inc., were made "prior to installation at [M]ueller." Thus, there is no evidence that the crane was modified in Mississippi, or that Crane Parts, Inc., was aware that the crane in question was destined for Mississippi. Accordingly, this Court does not have specific personal jurisdiction over Crane Parts, Inc.

Plaintiff alleges that because Crane Parts, Inc.'s website boasts a National toll-free telephone line, and has a website, that it has directly marketed to the State of Mississippi. The Fifth Circuit has held:

> General jurisdiction may be found when the defendant's contacts with the forum state are substantial, continuous, and systematic. The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum. To confer general jurisdiction, a defendant must have a business presence in the forum state. Injecting a product, even in substantial volume, in to a forum's stream of commerce, without more, does not support general jurisdiction. Advertising and marketing through national media is insufficient, as are isolated visits to a forum.

Jackson, 615 F.3d at 584. (citations and punctuation omitted). Accordingly, it does not appear that Plaintiff has presented sufficient evidence to support the exercise of personal jurisdiction based on general contacts.

*Conclusion*

Plaintiff has failed to produce evidence sufficient to meet her prima facie burden of personal jurisdiction over Crane Parts, Inc. Moreover, there are not sufficient minimum contacts or substantial, continuous, and systematic contacts with Mississippi to exercise jurisdiction over that defendant under due process. Accordingly, Defendant Crane Parts, Inc.'s Motion to Dismiss [35] is GRANTED, and that party is dismissed as a party defendant.

SO ORDERED, this the 18th day of May, 2011.

                                                                                        **/s/ Sharion Aycock**
                                                                                        **U.S. DISTRICT JUDGE**