IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MELISIA CREEL, Individually and on Behalf
of the Wrongful Death Statutory Beneficiaries of
Ray Creel, Deceased
                                                                    PLAINTIFF

v.                                      CIVIL ACTION NO.: 1:09-CV-00161-GHD-DAS

HARTFORD ACCIDENT & INDEMNITY
COMPANY                                                  INTERVENOR PLAINTIFF

v.

DB INDUSTRIES, INC. d/b/a CAPITAL SAFETY, USA;
AND KONECRANES, INC. d/b/a Crane Pro Services           DEFENDANTS

                                                         **LEAD CASE
                                                      CONSOLIDATED WITH**

MELISIA CREEL, Individually and on Behalf
of the Wrongful Death Statutory Beneficiaries of
Ray Creel, Deceased
                                                                    PLAINTIFF

v.                                      CIVIL ACTION NO.: 1:11-CV-00086-GHD-DAS

KONECRANES, INC. d/b/a MORRIS MATERIAL
HANDLING, and EAGLE PLANT EQUIPMENT,
INC.                                                               DEFENDANTS

**MEMORANDUM OPINION
DENYING MOTIONS TO DISMISS AND
GRANTING MOTIONS TO CONSOLIDATE**

Presently before the Court are the following motions: **(1)** Defendant DB Industries, Inc.'s motion to dismiss [65 in Cause Number 1:09-CV-00161-GHD-DAS ("2009 action")]; **(2)** Defendant Konecranes, Inc. d/b/a Morris Material Handling's motion to dismiss [8 in Cause Number 1:11-CV-00086-GHD-DAS ("2011 action")]; and **(3)** Plaintiff Melisia Creel's two

1

motions to consolidate *Melisia Creel, et al. v. DB Industries, Inc. d/b/a Capital Safety, USA and Konecranes, Inc. d/b/a Crane Pro Services,* Cause Number 1:09-CV-00161-GHD-DAS, with *Melisia Creel, et al. v. Konecranes, Inc. d/b/a Morris Material Handling, and Eagle Plant Equipment, Inc.*, Cause Number 1:11-CV-00086-GHD-DAS [72 in 2009 action] and [23 in 2011 action]. Upon due consideration, the Court finds that both motions to dismiss should be denied, and the motions to consolidate should be granted.

## A. Factual and Procedural Background

On April 11, 2008, Ray Creel died when a block crane allegedly malfunctioned and caught his full body harness on the crane's rotating drive shaft. On June 29, 2009, Plaintiff Melisia Creel ("Plaintiff") filed an action individually and on behalf of the wrongful death beneficiaries of her husband, Ray Creel, against Shepard Niles Crane & Hoist Corporation and Capital Safety, Inc.[1] Ray Creel was employed at Mueller Copper Tube Company, Inc. in Fulton, Mississippi at the time of his death. Plaintiff asserts strict products liability claims for design defect, manufacturing defect, and failure to warn, as well as a negligence claim. Plaintiff sought and was granted leave of this Court to file her amended complaint in which she deleted Shepard Niles Crane & Hoist Corporation as a defendant and added two defendants: Konecranes, Inc. d/b/a Crane Pro Services; and Crane Parts, Inc. Defendant Crane Parts, Inc. filed a motion to dismiss the claims asserted against it for lack of jurisdiction which was subsequently granted by this Court. Defendant DB Industries, Inc. d/b/a Capital Safety USA ("Capital Safety") then filed a motion to dismiss for failure to state a claim against Capital Safety.

On April 8, 2011, Plaintiff filed a second action in this Court arising from the same circumstances as her existing action. In this second action, Plaintiff sued Konecranes, Inc. d/b/a

---

[1] Later, the party "Capital Safety, Inc." was amended to "DB Industries, Inc. d/b/a Capital Safety USA."

2

Morris Material Handling; and Eagle Plant Equipment, Inc. Plaintiff again asserted strict products liability claims for design defect, manufacturing defect, and failure to warn, as well as a negligence claim. Defendant Konecranes, Inc. d/b/a Morris Material Handling ("Morris") filed a motion to dismiss the second action for failure to state a claim against Morris based upon Mississippi's wrongful death statute's "one suit" requirement.

Subsequently, Plaintiff filed motions to consolidate in both actions. A defendant in the first action, Capital Safety, joined in support of the motion to consolidate; Konecranes, Inc. d/b/a Crane Pro Services and Morris opposed the motions. The Court will first resolve the Rule 12(b)(6) motion to dismiss brought by Capital Safety in the original action. Then, the Court will resolve the motion to dismiss brought by Morris in the second action, as well as the motions to consolidate brought in both actions.

## B. Capital Safety's Motion to Dismiss

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, No. 10–51042, 2012 WL 201866, at *2 (5th Cir. Jan. 24, 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). Of course, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The court must not evaluate the likelihood of the claim's success, but instead ascertain whether the plaintiff has stated a legally cognizable claim that is plausible. *Lone Star*

*Fund*, 594 F.3d at 387 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

Capital Safety maintains in its motion to dismiss [65] that Plaintiff's amended complaint [24] fails to state a claim against it because the complaint makes only "general allegations of design defect, manufacturing defect[,] and failure to warn but fails to assert any causal connection between these vague defect allegations, as they relate to the harness, and the injuries of Ray Creel." Capital Safety's Mot. to Dismiss [65] at 2. Plaintiff argues in response that her amended complaint survives the Rule 12(b)(6) standard in that it "describes the location of the accident, how the accident occurred, what products were involved in the accident[,] and how the products were involved in the accident." Pl.'s Resp. Opp'n to Capital Safety's Mot. to Dismiss [68] at 4.

In Plaintiff's amended complaint [24], she first asserts strict products liability claims against Capital Safety. It is undisputed that Capital Safety, a Minnesota corporation, manufactured and sold the full body harness at issue. Plaintiff alleges that "[t]he design and manufacture of the full body harness was such that it caught on the exposed and dangerous bolts and caused or contributed to the accident in question." Pl.'s Am. Compl. [24] ¶ 10. Plaintiff further alleges that "[t]he full body harness as designed and sold by Capital Safety was defective in that it caught on the exposed and dangerous bolts. This defect, and perhaps others, rendered the full body harness unreasonably dangerous for its foreseeable uses." *Id.* ¶ 13. It is undisputed that Capital Safety designed, tested, developed, manufactured, labeled, marketed, distributed, and sold the full body harness. Plaintiff additionally alleges that the harness "was not accompanied by any warnings regarding possible injury from the harness catching on objects such as exposed and dangerous bolts." *Id.* ¶ 23. Plaintiff avers that the "lack of proper warning

4

on . . . the full body harness rendered [it] . . . defective and unreasonably dangerous for [its] foreseeable uses." *Id.* ¶ 24. Plaintiff alleges that "[a]s a result of the defective and unreasonably dangerous condition of the crane and full body harness, Ray Creel was killed." *Id.* ¶¶ 14, 25.

With respect to the negligence claims, it is undisputed that Capital Safety had a duty to exercise reasonable care in designing, testing, developing, manufacturing, labeling, marketing, distributing, and selling the full body harness. Plaintiff alleges that this duty included "a duty to assure that users, like Ray Creel, did not suffer injury, such as death," and that Capital Safety "failed to exercise reasonable care . . . in that Capital knew or should have known that the full body harness created an unreasonable risk of injury." *Id.* ¶¶ 32, 33. Plaintiff avers that as a proximate result of the negligence, Ray Creel was killed. *Id.* ¶ 34.

The Court finds that Plaintiff's amended complaint [24] survives the Rule 12(b)(6) standard, as when the facts alleged are taken as true, Plaintiff has stated wrongful death claims for strict products liability and negligence.

*C. Morris's Motion to Dismiss and Plaintiff's Motions to Consolidate the Two Actions*

Morris maintains in its motion to dismiss that the second cause of action was improperly filed before this Court based on the Mississippi wrongful death statute because "[t]he only significant difference [between the two actions] is that the instant suit seeks claims against defendants that were not named in the previous suit." Morris's Mot. to Dismiss [8 in 2011 action] at 2; Morris's Mem. Br. Supp. Mot. to Dismiss [9 in 2011 action] at 1–2. Morris further explains: "The 1:09cv161 Complaint was brought by the same Plaintiff on behalf of the same wrongful death beneficiaries as this case, and they are represented by the same attorneys. Both complaints allege, generally, that the named parties are negligent with respect to a large block crane that was involved in Mr. Creel's death." Morris's Mem. Br. Supp. Mot. to Dismiss [9 in

5

2011 action] at 2. Morris contends that under Mississippi law "[o]nly one wrongful death action may arise from the death of Mr. Creel" and "Plaintiff's first wrongful death Complaint filed in this Court controls and operates to the exclusion of any subsequently filed wrongful death action. Therefore, the instant action has no effect and should be dismissed for failure to state a claim upon which any relief can be granted." *Id.* at 3.

Plaintiff filed a response in opposition to Morris's motion to dismiss in which she conceded that "[t]he only significant difference [between the two actions] is the [2011] suit seeks claims against defendants that were not named in the previous suit." *Id.* ¶ 2. Plaintiff explained her reasons for bringing the two separate actions. One of Plaintiff's attorneys, Robert G. Germany, filed a declaration in this Court in which he cited difficulties in identifying the proper party defendants. Germany maintained that he "received information that the crane modifications were most likely performed by Eagle Plant Equipment, Inc. in Houston, Texas. Shortly before this[,] I had uncovered information which indicated that the modifications may have been made by Birmingham Crane & Hoist and that additional inspections had been performed by P&H Cranes. Additional investigation indicated that both of these entities had been purchased at some point by Morris Material Handling[,] which in turn had been purchased by Konecranes, Inc. Based upon this additional information, I determined that claims should be asserted against these additional entities." Am. Germany Decl. [17 in 2011 action] ¶ 7. Germany further maintained that due to the expiration of the statute of limitations on April 11, 2011, he "determined there was insufficient time to file a second motion to amend in the existing case, obtain a court order allowing a second amended complaint[,] and file the second amended complaint. . . . Given the foregoing, [he] filed a Complaint on behalf of Mrs. Creel against Konecranes, Inc. d/b/a Morris Material Handling[;] Eagle Plant Equipment, Inc.[;] and John

6

Does 1–10." *Id.* ¶ 8. Finally, Plaintiff stated she would be filing a motion to consolidate the two cases, maintaining that under Mississippi law, "consolidation is an appropriate method of dealing with this issue." *Id.* at 4. Morris argues in reply that "Mississippi law does not allow for the filing of a second wrongful death suit by the same parties, with a subsequent motion to consolidate the two cases. Such a procedure would effectively nullify the requirements of Rule 15 of the Federal Rules of Civil Procedure." Morris's Mem. Br. Supp. Mot. to Dismiss [27 in 2011 action] at 2.

Plaintiff then duly filed a motion to consolidate in each of the two actions in which she maintained that consolidation is proper because both actions involve common questions of law and fact under Rule 42(a) of the Federal Rules of Civil Procedure. She explained that the reason she did not simply seek to amend her complaint in the original action is that the "ongoing determination to determine who modified the crane using the exposed bolts and who inspected the crane . . . resulted in the identification of additional potential defendants on the very eve of the statute of limitations." Pl.'s Mem. Brs. Supp. Mot. to Consolidate [73 in 2009 action] and [23 in 2011 action] at 2. Additionally, Plaintiff maintains that "the second case was filed well within the deadline to join parties or serve amendments to the pleadings." Pl.'s Rebuttal to Def.'s Resp. to Mot. to Consolidate [79 in 2009 action]. Plaintiff contends that the Mississippi Supreme Court has held that consolidation of wrongful death actions is proper. Defendant Capital Safety joins in support of the motion to consolidate [76 in 2009 action]. Defendant Konecranes, Inc. d/b/a Crane Pro Services opposes the motion, arguing that Mississippi law does not permit the second action to proceed or the two cases to be consolidated.

The Court first notes that "[w]rongful death statutes create new causes of action on behalf of the statutorily-designated persons in order to compensate them for the death of the

7

decedent. *See, e.g., Thames v. Mississippi ex rel. Shoemaker*, 117 F.2d 949, 951 (5th Cir. 1941) (holding that Mississippi's wrongful death statute creates an independent cause of action)." *Phillips ex rel. Phillips v. Monroe Cnty., Miss.*, 311 F.3d 369, 374 (5th Cir. 2002). Mississippi's wrongful death statute provides in pertinent part as follows:

> Whenever the death of any person . . . shall be caused by any real, wrongful or negligent act or omission, or by such unsafe machinery, way or appliances as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, . . . and such deceased person shall have left a widow or children or both . . ., the person or corporation, or both that would have been liable if death had not ensued, and the representatives of such person shall be liable for damages, notwithstanding the death, and the fact that death was instantaneous shall in no case affect the right of recovery. The action for such damages may be brought . . . by widow for the death of her husband, . . . and <u>there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits.</u>
>
> This section shall apply to all personal injuries of servants and employees received in the service or business of the master or employer, where such injuries result in death . . . .
>
> A wrongful death action may be maintained or asserted for strict liability in tort or for any cause of action known to the law for which any person, corporation, legal representative or entity would be liable for damages if death had not ensued.

MISS CODE ANN. § 11-7-13 (emphasis added). The Mississippi Supreme Court has stated: "*Long* [*v. McKinney*, 897 So. 2d 160 (Miss. 2004) (en banc)] applies when two wrongful-death suits are currently pending at the time the trial court decides a motion to dismiss." *Sauvage v. Meadowcrest Living Ctr., LLC*, 28 So. 3d 589, ¶ 14 (Miss. 2010) (citing *Briere v. S. Cent. Reg'l Med. Ctr.*, 3 So.3d 126, 129 (Miss. 2009)). *Long* provides that all claims for the wrongful death of a person must be litigated in the same suit and in the same court. *See Long*,

8

897 So. 2d at 172 ¶ 51. Justice Jess Dickinson, writing for the Mississippi Supreme Court, states in *Long*: "Consolidation of suits presupposes that there are two suits to consolidate. Because we hold that wrongful death claims must be brought in a single suit, there cannot be two suits to consolidate. Where, as here, a second suit is filed, it is of no effect and should be dismissed . . . ." *Id.* at 174 ¶ 58. However, *Long* concerned an issue of whether two suits brought by different heirs could be consolidated and did not concern the filing of a second suit against defendants not sued in the original action. *See id.* at 178 ¶ 76 ("reject[ing] the proposition that the *first* heir to reach the courthouse with a lawyer will 'control the litigation' to the exclusion of participation by other heirs who wish to join with other counsel of their choosing").

Also, district courts are given broad authority to consolidate two actions when both "actions before the court involve a common question of law or fact." FED. R. CIV. P. 42(a); *Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011). *See Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 291, 128 S. Ct. 2531, 171 L. Ed. 2d 424 (2008) (Rule 42(a) provides one way to aggregate claims by consolidating related cases filed in same district court). The United States Supreme Court has stated:

> Concerning matters covered by the Federal Rules of Civil Procedure . . . [i]t is settled that <u>if the Rule in point is consonant with the Rules Enabling Act, 28 U.S.C. § 2072, and the Constitution, the Federal Rule applies regardless of contrary state law.</u> *See Hanna v. Plumer*, 380 U.S. 460, 469–474, 85 S. Ct. 1136, 1142–1145, 14 L. Ed. 2d 8 (1965); *Burlington Northern R. Co. v. Woods*, 480 U.S. 1, 4–5, 107 S. Ct. 967, 969–970, 94 L. Ed. 2d 1 (1987). Federal courts have interpreted the Federal Rules, however, with sensitivity to important state interests and regulatory policies. *See, e.g., Walker v. Armco Steel Corp.*, 446 U.S. 740, 750–752, 100 S. Ct. 1978, 1985–1986, 64 L. Ed. 2d 659 (1980) (reaffirming decision in *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S. Ct. 1233, 93 L. Ed. 1520 (1949), that state law rather than Rule 3 determines when a diversity action commences for the purposes of tolling the state

9

> statute of limitations; Rule 3 makes no reference to the tolling of state limitations, the Court observed, and accordingly found no "direct conflict"); *S.A. Healy Co. v. Milwaukee Metropolitan Sewerage Dist.*, 60 F.3d 305, 310–312 (7th Cir. 1995) (state provision for offers of settlement by plaintiffs is compatible with Federal Rule 68, which is limited to offers by defendants).

*Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 n.7, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996) (emphasis added). The Court finds that consolidation of these two actions is proper for the following reasons. First, consolidation is proper under Rule 42(a) as the two actions involve common questions of law and fact; both actions stem from the same set of facts concerning the death of Ray Creel and involve the same questions of law relating to wrongful death claims for strict products liability and negligence. Second, consolidation of the two actions would not prejudice the rights of the parties. *See Dupont v. So. Pac. Co.*, 366 F.2d 193, 195-96 (5th Cir. 1966). Ideally, the Plaintiff would have brought one suit and sought leave of the court to add defendants. However, considering the circumstances present in this case, and the difficulty of identifying potential defendants, the Court is of the opinion that consolidation of the two actions is proper. Thus, the Court finds that Plaintiff's motions to consolidate the two actions should be granted.

### D. Conclusion

In sum, Defendant DB Industries, Inc.'s motion to dismiss [65 in Cause Number 1:09-CV-00161-GHD-DAS] is DENIED; and Defendant Morris Material Handling Inc.'s motion to dismiss [8 in Cause Number 1:11-CV-00086-GHD-DAS] is DENIED. Plaintiff's motions to consolidate [72 in 1:09-CV-00161-GHD-DAS] and [23 in 1:11-CV-00086-GHD-DAS] are GRANTED; these cases are consolidated for all purposes, including trial. Trial of this matter

shall be set by a notice to follow. The scheduling of any other pretrial matters is hereby referred to the Magistrate Judge assigned to this cause.

A separate order in accordance with this opinion shall issue this day.

THIS, the 12th day of March, 2012.

_Glen H. Davidson_
SENIOR JUDGE